**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4043**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID CARLTON NORTON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:13-cr-00213-WO-1)

Submitted: February 12, 2018                    Decided: February 21, 2018

Before WILKINSON and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Carlton Norton, Jr., pled guilty, pursuant to a plea agreement, to possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court originally deemed Norton an armed career criminal and sentenced him to the statutory minimum of 180 months' imprisonment. *See* 18 U.S.C. § 924(e) (2012). We affirmed. Thereafter, Norton filed a 28 U.S.C. § 2255 (2012) motion, arguing that he no longer qualifies as an armed career criminal in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (declaring residual clause of Armed Career Criminal Act unconstitutionally vague). The district court agreed, vacated Norton's sentence, and resentenced him to 100 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Norton's within-Guidelines sentence. Norton was advised of his right to file a supplemental brief, but he did not do so. We affirm.

We review sentences for substantive reasonableness "under a deferential abuse-of-discretion standard," considering "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *see United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

2

We conclude that Norton has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable. The district court carefully considered the § 3553(a) factors and crafted a sentence that reflected not only the seriousness of Norton's offense and his extensive criminal history but also his significant efforts at rehabilitation.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Norton, in writing, of his right to petition the Supreme Court of the United States for further review. If Norton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Norton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*